UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JOHN BERGEVINE,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    C.A. No. 21-cv-459-WES-PAS |
| D.C.Y.F., et al.,<br>      Defendants. | :<br>:<br>: |

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On November 19, 2021, Plaintiff John Bergevine, a prisoner serving a life sentence at Rhode Island's Adult Correctional Institutions ("ACI"), State v. Bergevine, 942 A.2d 974, 977 (R.I. 2008), filed his *pro se*[1] complaint pursuant to 42 U.S.C. § 1983[2] against the State of Rhode Island through its Department of Children, Youth and Families ("DCYF") and "St. Aluisha's,"[3] its Director, Guard #1 and Guard #2.[4]  ECF No. 1 at 1-2.  Plaintiff appears to intend his complaint to function as a placeholder "[t]o [p]reserve [his] [r]ight(s) [t]o sue," in that the pleading alleges only that unspecified officials, employees and agents of St. Aloysius Home perpetrated "[h]orrendous [a]ct[]s of sexual [a]buse" on Plaintiff while he was a minor child in

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally.  Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

[2] Plaintiff also invokes the All Writs Act, 28 U.S.C. § 1651.  ECF No. 1 at 1.  However, the All Writs Act simply authorizes federal courts to issue writs necessary or appropriate in aid of jurisdiction.  If a plaintiff has failed to allege a viable cause of action upon which he might obtain relief against the defendants, he cannot rely on the All Writs Act to obtain relief.  Ealy v. Buckley, Civil No. 15-cv-00373-PB, 2015 WL 6134188, at *2 (D.N.H. Oct. 19, 2015).

[3] The Court assumes that Plaintiff intends to name St. Aloysius Home ("St. Aloysius"), a facility for boys operated by the Rhode Island Catholic Orphan Asylum Corporation; St. Aloysius closed in or about January 1994.  Doe v. Gelineau, 732 A.2d 43, 45-46 (R.I. 1999).

[4] The three individual Defendants are identified as John Does 1-3.  ECF No. 1 at 2.  They are sued in their official and individual capacities.  Id. at 1, 3.  Plaintiff alleges that their names and addresses are unknown to him.  Id. at 3.

their custody. ECF No. 1 at 1, 3. In acknowledgement that the applicable statute of limitations may bar any such claim from proceeding, the pleading invokes the recently enacted expansion of the statute of limitations applicable to injuries caused by sexual abuse of a child, R.I. Gen. Laws § 9-1-51,[5] and adverts to the Covid pandemic, his incarceration, ignorance of the law and lack of access to a law library as reasons for his delay. ECF No. 1 at 1-2. Plaintiff accompanied his complaint with a request to proceed *in forma pauperis* ("IFP"). ECF No. 2. However, he has not (as of this writing) filed a copy of his prisoner trust fund account statement certified by an appropriate official at the ACI, which is required by 28 U.S.C. § 1915(a)(2).

Plaintiff's IFP request has been referred to me; based on this referral, I am also required to screen his complaint. See 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons that follow, I find that, as a placeholder, the pleading lacks the plausible factual allegations that the United States Supreme Court has held are essential for a case to proceed. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). I also find that it is facially barred by the applicable statute of limitations. Because it is conceivable that these deficiencies may be curable, if the District Court accepts this recommended decision, I recommend that Plaintiff be afforded thirty days from his receipt of the Court's adoption of this recommendation to file an amended complaint. If he fails to do so, or if the amended pleading fails to state a claim or is otherwise deficient, I recommend that this case be dismissed. Further, if Plaintiff opts to file an amended complaint, I recommend that the Court also direct him either to file his trust fund account statement (so that the Court can rule on the merits of his IFP request) or to pay the filing fee of $402.

---

[5] As amended, R.I. Gen. Laws § 9-1-51 now provides for a limitations period of the later of thirty-five years from the alleged act or seven years from the date of discovery of the injury. R.I. Gen. Laws § 9-1-51.

**Law and Analysis**

To survive screening, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Tavares v. Kilmartin, C.A. No. 18-008-JJM-PAS, 2018 WL 10716512, at *1 (D.R.I. Jan. 31, 2018) (cleaned up). To be plausible, the complaint must state sufficient facts that allow "'the court to draw the reasonable inference that the defendant is liable.'" Id. (quoting Iqbal, 556 U.S. at 678). "Section 1983 creates a remedy for violations of federal rights committed by persons acting under color of state law." Sanchez v. Pereira-Castillo, 590 F.3d 31, 40 (1st Cir. 2009) (internal quotation marks omitted). A federal court case cannot proceed on a fact-free placeholder pleading, which (so far) is all that Plaintiff has filed. See Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("We note in passing that it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (citations omitted); Farmer v. Wilson, Civil Action No. 2:14-cv-13256, 2014 WL 4629591, at *2 (S.D. W. Va. Sept. 15, 2014) (plaintiff erroneously employed John Doe designation as a "catch-all provision" to encompass any individual with a potential connection to the harm suffered); In re Pharm. Indus. Average Wholesale Price Litig., 498 F. Supp. 2d 389, 399 (D. Mass. 2007) (noting that "[s]ome courts have held that if the . . . complaint [is] egregiously defective, it neither commences the action for purposes of the statute of limitations nor serves as a relation back placeholder") (internal quotation marks omitted). Therefore, unless amended to add specific factual allegations that are deemed sufficient to plausibly articulate a viable claim, Plaintiff's complaint must be dismissed for failure to state a claim.

A secondary reason for my recommendation of dismissal is because Plaintiff's claim is time-barred by the applicable statute of limitations. Rodriguez v. Providence Police Dep't, C.A.

No. 08-003 S, 2009 WL 2059080, at *1 (D.R.I. June 23, 2009) (although statute of limitations is generally affirmative defense, court may raise it *sua sponte* when prescreening a prisoner's complaint under § 1915(e)(2)).  In reaching the conclusion that Plaintiff's complaint is facially untimely, the Court has taken judicial notice of certain facts on the public record.  Griffey v. Colechia, Civil Action No. 07-1457, 2008 WL 238589, at *2 (W.D. Pa. Jan. 28, 2008) ("the court may, in performing its screening under 28 U.S.C. § 1915(e), consider matters of which it may take judicial notice").  These establish that Plaintiff turned eighteen on December 8, 1981, and twenty-one on December 8, 1984.  See State v. Bergevine, P1-1993-2693A (R.I. Super. Ct. filed March 25, 1993) (listing Plaintiff's date of birth); State of Rhode Island, Dept. of Corrections, Inmate Search, http://www.doc.ri.gov/family-visitors/inmate-search/search_details.php?inmateid=91528 (last visited December 17, 2021) (listing Defendant's age).

Plaintiff's federal cause of action is asserted pursuant to 42 U.S.C. § 1983.[6]  ECF No. 1 at 1.  Federal courts adjudicating civil rights claims under § 1983 "borrow the statute of limitations applicable to personal injury actions under the law of the forum state."  Amesbury v. City of Pawtucket, C.A. No. 19-342-JJM-LDA, 2019 WL 4306392, at *1 (D.R.I. Sept. 11, 2019) (internal quotation marks omitted).  Under Rhode Island law, it is well settled that the statute of limitations that is applicable to § 1983 actions is the three-year period in R.I. Gen. Laws § 9-1-14(b).  Id.  Further, the law is also clear that this three-year statute of limitations remains applicable to § 1983 actions, despite Rhode Island's adoption of a special statute of limitations applicable to childhood sexual assault claims.  See Gavin v. Bd. of Educ., S. Orange-Maplewood Sch. Dist., Civ. No. 20-09191 (KM) (JSA), 2021 WL 1050364, at *5-9 (D.N.J. Mar. 18, 2021).

---

[6] A claim alleging infringement of the right to bodily integrity by a state actor is one under the Fourteenth Amendment's substantive due process clause.  Martinez v. Cui, 608 F.3d 54, 58 (1st Cir. 2010).

In <u>Gavin</u>, the federal court in New Jersey was presented with facts somewhat analogous to what is presented here – a plaintiff whose § 1983 claim of childhood sexual abuse would be barred by application of the state's general personal injury statute of limitations but might proceed pursuant to the state's newly-enacted extended statute of limitations applicable to claims of childhood sexual assault.  2021 WL 1050364, at *1-2.  <u>Gavin</u> includes a thoughtful survey of the law, resulting in the conclusion that the § 1983 claim is time-limited by the general personal injury statute.  As <u>Gavin</u> notes, every Circuit that has addressed the issue has held that § 1983 suits are controlled by the applicable state's general personal-injury statute of limitations and that special statutes of limitations, such as those extending the period for claims of childhood sexual abuse, may not be applied.  <u>Id.</u> at *7-9 (citing <u>King-White v. Humble Indep. Sch. Dist.</u>, 803 F.3d 754, 761 (5th Cir. 2015); <u>Woods v. Ill. Dep't of Children & Family Servs.</u>, 710 F.3d 762, 768–69 (7th Cir. 2013); <u>Bonneau v. Centennial Sch. Dist. No. 28J</u>, 666 F.3d 577, 579–80 (9th Cir. 2012); <u>Blake v. Dickason</u>, 997 F.2d 749, 751 (10th Cir. 1993)).  District courts in other Circuits have followed the same course.  See, e.g., <u>Doe-2 v. Sheriff of Richland Cty.</u>, Civil Action No. 3:20-cv-2274-CMC, 2021 WL 2948953, at *6 (D.S.C. June 22, 2021), <u>appeal docketed</u>, No. 21-1771 (4th Cir. July 14, 2021); <u>Forrester v. Clarenceville Sch. Dist.</u>, __ F. Supp. 3d __, Case No. 20-12727, 2021 WL 1812700, at *10 (E.D. Mich. May 6, 2021).  This principle is firmly grounded in Supreme Court precedent.  See <u>Owens v. Okure</u>, 488 U.S. 235 (1989).  And while the First Circuit has not specifically addressed the issue, it has unequivocally reiterated the over-arching premise: "[w]here a state has more than one statute of limitations that applies to personal injury actions, a federal court should borrow the state's <u>general or residual</u> personal injury statute of limitations."  <u>Street v. Vose</u>, 936 F.2d 38, 39 (1st Cir. 1991) (emphasis added) (citing <u>Owens</u>, 488 U.S. at 249-50); <u>Ouelette v. Beaupre</u>, 977 F.3d 127, 135 (1st Cir. 2020) (in § 1983 action,

federal courts apply a state's "designated limitations period for general personal injury torts"). The Court has found no cases holding otherwise. Thus, the law is plain – R.I. Gen. Laws 9-1-51 does not apply to a claim of childhood sexual abuse brought in federal court pursuant to § 1983.

The remaining question is whether Plaintiff's pleading nevertheless permits the plausible inference that his § 1983 claim somehow survives despite the passage of so much time. As a threshold matter, to determine what triggers the running of the § 1983 statute of limitations, the Court is guided by federal law, which provides that the statute begins to run when the person knows or had reason to know of the injury leading to the claims at issue. Martinez-Rivera v. Commonwealth of Puerto Rico, 812 F.3d 69, 74 (1st Cir. 2016); see Ouellette, 977 F.3d at 136 ("plaintiff must, or should, be aware of both the fact of his or her injury and the injury's likely causal connection with the putative defendant"). To determine whether the § 1983 statute is tolled, courts look to "the state's tolling rules . . . unless . . . they are hostile to federal interests." Martinez-Rivera, 812 F.3d at 75. Rhode Island law currently provides that a statute of limitations may be tolled for minority, unsound mind and being outside the United States. R.I. Gen. Laws § 9-1-19. For Rhode Island claims that arose on or before July 1, 1988, minority ended at age twenty-one; since July 2, 1988, minority has ended at age eighteen. Roe v. Gelineau, 794 A.2d 476, 481-82 (R.I. 2002). Applying this ground for tolling to this case, it is clear that the three-year statute was tolled only until Plaintiff turned twenty-one on December 8, 1984. Another potentially applicable ground for tolling under Rhode Island law until 2001 was imprisonment. Id. at 485; 2001 R.I. Pub. Laws ch. 237, § 1, ch. 407, § 1. However, this basis for tolling was eliminated in 2001 and therefore cannot save Plaintiff's claim: that is, even if the Court presumes Plaintiff was continuously imprisoned from December 8, 1984 (the day his

minority terminated) until 2001, his claim would still be approximately sixteen or seventeen years out of time.

Based on the foregoing, I find that Plaintiff's § 1983 claim[7] based on alleged childhood sexual abuse at St. Aloysius Home is subject to Rhode Island's three-year general personal injury statute of limitations, which (on the face of the pleading as drafted) has long since run. Rodriguez, 2009 WL 2059080, at *1-2.  The extended statute of limitations in R.I. Gen. Laws 9-1-51 is not applicable.  Nevertheless, though exceedingly unlikely, it remains conceivable that Plaintiff can allege facts sufficiently plausible to establish tolling of the three-year statute. Therefore, I recommend that he be afforded an opportunity to file an amended pleading.

## Conclusion

As the Rhode Island Superior Court noted as it dismissed three cases alleging horrific childhood sexual abuse based on the statute of limitations, "[i]t is difficult to imagine a greater betrayal of trust than to perpetuate practices and policies that knowingly expose innocent children to horrific harm." Edwardo v. Gelineau, C. A. Nos. PC-2019-9894, PC 2019-10530, PC-2020-2010, 2020 R.I. Super. LEXIS 87, at *1 (R.I. Super. Ct. Oct. 16, 2020).  Mindful of that principle and of Plaintiff's *pro se* status, I recommend that, if the Court adopts this recommended decision, Plaintiff be afforded thirty days from his receipt of the Court's adoption of this recommendation to file an amended complaint.  If he fails to do so, or if the amended pleading fails to state a claim or is otherwise deficient, I recommend that this case be dismissed and his IFP motion be denied as moot.  Further, if Plaintiff opts to file an amended complaint, I recommend that the Court also direct him either to file his account statement for the six-month

---

[7] The Court notes that Plaintiff may decide to refile his case in state court where he can assert state law claims and will be able to get the benefit of the newly extended statute of limitations in R.I. Gen. Laws § 9-1-51.  Whether such a claim could be sustained despite the passage of time is beyond the scope of this report and recommendation.

period preceding the filing of the pleading so that the Court can rule on the merits of his IFP request or to pay the filing fee.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 20, 2021